UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL JOHNSON, | ) |
|           Plaintiff, | ) |
| v. | ) No. 1:22-cv-00783-SEB-MJD |
| SCOTT MELLINGER, *et al.*, | ) |
|           Defendants. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

Daniel Johnson filed this action alleging violations of his civil rights during previous periods of incarceration at the Madison County Jail. The Court dismissed Mr. Johnson's complaint for failure to state a claim upon which relief may be granted and has provided him an opportunity to file an amended complaint. The matter is before the Court on Mr. Johnson' motion for assistance with recruiting counsel.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

Mr. Johnson's motion is problematic in two respects.

First, Mr. Johnson has not demonstrated that he is financially unable to obtain counsel on his own. The Court "may request an attorney to represent any person *unable to afford counsel*." 28 U.S.C. § 1915(e)(1). Mr. Johnson prepaid the filing fee, *see* dkt. 1, and he has not provided any evidence of his financial condition.

Second, Mr. Johnson has not demonstrated that he is unable to litigate this action on his own at this stage. This "inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007))."Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Johnson reports that he completed the eleventh grade but did not graduate from high school. Dkt. 9 at 2. He has been diagnosed with schizoaffective disorder, and he was shot in the head in 2009. *Id.* at 3. Mr. Johnson does not elaborate on the symptoms he experiences as a result or how they impact his ability to litigate this case.

No doubt, these conditions challenge Mr. Johnson as a pro se litigant. However, the Court finds him capable of litigating this action without counsel for the time being. Mr. Johnson is no longer incarcerated, and a relative has helped him manage his case. *See* dkt. 10. The next step to be completed in this case is the filing of an amended complaint. Mr. Johnson need only write a short, plain statement of his claim and the allegations that support it. Fed. R. Civ. P. 8(a).

Mr. Johnson's filings to date suggest he is capable of articulating what the defendants did and how their actions (or inactions) harmed him.

Mr. Johnson's motion for assistance with recruiting counsel, dkt. [9], is **denied** as presented. If Mr. Johnson chooses to renew his motion, he must demonstrate that he cannot afford counsel and that he is unable to litigate on his own.

**IT IS SO ORDERED.**

Date:  8/1/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANIEL JOHNSON
3204 Ripple Drive
Anderson, IN 46012